IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | : |
| | : Chapter 11 |
| | : |
| MARINER POST-ACUTE NETWORK, | : |
| INC., | : Bankruptcy Case No. 00-00113-MFW |
| | : |
| Debtor. | : |
| | : |
| RAJ SINGH d/b/a NURSING ASSOCIATION OF AMERICA, | : |
| | : |
| Appellant, | : |
| | : |
| v. | : Civil Action No. 04-0208 |
| | : |
| MARINER POST-ACUTE NETWORK, INC., | : |
| | : |
| Appellee. | : |

Raj Singh d/b/a Nursing Association of America, Pro Se Appellant.

Mark D. Collins, Esquire and Russell C. Silberglied, Esquire of RICHARDS, LAYTON & FINGER, Wilmington, Delaware
Of Counsel: E. Penn Nicholson, Esquire, Wendy L. Hagenau, Esquire, and Stephanie A. Everett, Esquire of POWELL, GOLDSTEIN, FRAZER & MURPHY LLP, Atlanta, Georgia.
Attorneys for Appellee.

**MEMORANDUM OPINION**

July 8, 2005
Wilmington, Delaware

**FARNAN**, District Judge.

Before the Court is an appeal by Raj Singh d/b/a Nursing Association of America ("NAA") from the Order of the Bankruptcy Court dated February 27, 2004 (the "Order") granting the Reorganized Debtor's Fifty-Second Omnibus (Substantive) Objection As It Relates To Claim No. 7269 By Nursing Association Of America (the "Objection"). For the reasons discussed, the Court will affirm the Bankruptcy Court's February 27, 2004 Order.

## I.   THE PARTIES' CONTENTIONS

By its appeal, NAA contends that the Bankruptcy Court erred in granting the Debtor's Objection to its Proof of Claim which resulted in a reduction and reclassification of NAA's claim. NAA had originally sought $2,241,527.05, of which $685,222.30 was sought as a priority claim. By sustaining the Debtor's Objection, the Bankruptcy Court reclassified the claim as a general unsecured claim and reduced the amount of the claim to $50,387.50. NAA contends that the Debtor engaged in fraud by promising NAA that it would no longer be subject to the bankruptcy proceedings and that it would be paid in full for its services. Based on this alleged fraud, NAA contends that it should be permitted to pursue its claim outside of the bankruptcy proceedings. NAA also challenges the adequacy of the evidence presented to the Bankruptcy Court by the Debtor in support of its Objection. Specifically, NAA contends that the affidavit of Brigitte Coleman was insufficient, incorrect and inadmissible

evidence.[1] Because NAA contends that this evidence was insufficient, NAA contends that the Bankruptcy Court abused its discretion in reducing and reclassifying NAA's claim.

In response, the Debtor contends that the Bankruptcy Court correctly found that NAA did not provide sufficient documentation to support its Proof of Claim. The Debtor contends that the Bankruptcy Court correctly concluded that the invoices produced by NAA were inadmissible because they were not authenticated under Federal Rule of Evidence 901(a). The Debtor also contends that the Bankruptcy Court correctly found that NAA's invoices and notice of rate change were not credible. Because the Debtor contends that the Bankruptcy Court's factual findings were not clearly erroneous and it correctly applied the legal precepts applicable to NAA's Proof of Claim, the Debtor requests the Court to affirm the Bankruptcy Court's Order.

## II.   STANDARD OF REVIEW

The Court has jurisdiction to hear an appeal from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a). In undertaking a review of the issues on appeal, the Court applies a clearly erroneous standard to the Bankruptcy Court's findings of fact and a plenary standard to its legal conclusions. See Am. Flint Glass

---

[1] In her affidavit, Ms. Coleman attested that the invoices submitted by NAA to the Bankruptcy Court were inconsistent with the rates previously charged by NAA and with the amount of services typically used by the Debtor's Norwood Pines facility.

Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 80 (3d Cir. 1999). With mixed questions of law and fact, the Court must accept the Bankruptcy Court's finding of "historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the trial court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'" Mellon Bank, N.A. v. Metro Communications, Inc., 945 F.2d 635, 642 (3d Cir. 1991) (citing Universal Mineral, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 101-02 (3d Cir. 1981)). The appellate responsibilities of the Court are further understood by the jurisdiction exercised by the Third Circuit, which focuses and reviews the Bankruptcy Court decision on a de novo basis in the first instance. In re Telegroup, 281 F.3d 133, 136 (3d Cir. 2002).

### III. DISCUSSION

Reviewing the decision of the Bankruptcy Court in light of the applicable law, the Court concludes that the Bankruptcy Court's decision was not erroneous. A proof of claim is prima facie valid, if it alleges facts sufficient to support a legal liability. In re Allegheny International, Inc., 954 F.2d 167, 173-174 (3d Cir. 1992). Once the claimant meets the initial burden of establishing the prima facie validity of his or her proof of claim, the burden shifts to the objector to produce sufficient evidence to negate the facts alleged in support of the

3

proof of claim.  Id.  If the objector advances sufficient evidence to challenge the validity of the proof of claim, the burden shifts back to the claimant to prove the claim's validity by a preponderance of the evidence.  Id. at 174.

In this case, the Bankruptcy Court provided NAA with several opportunities to produce evidence to support its Proof of Claim. When NAA produced the invoices allegedly underlying its Proof of Claim, the NAA representative admitted that the invoices were not prepared contemporaneously with the services rendered but were prepared for the hearing based on the Bankruptcy Court's request for documentation.  (D.I. 10 at B400, B388, B390, B395-396).  NAA further admitted that it did not have evidence to corroborate the late-created invoices, like sign-in sheets or other records evidencing which nurses worked, during what times, at which of the Debtor's facilities.  (D.I. 10 at B368-B369).  The invoices were also inconsistent with the amounts set forth in the Proof of Claim and with the rates identified for services in the contract between the parties.  In these circumstances, the Bankruptcy Court did not err in concluding that the invoices were inadmissible and in finding that they lacked credibility.

In addition, the Bankruptcy Court did not err in finding that the Debtor was not apprised of the rate changes contained in the notice of rate change proffered by NAA.  NAA produced no evidence that the document was actually sent to the Debtor or

4

that the Debtor consented to the change as required by the contract. (D.I. 10 at B401-402, B379-381).

Further, the Debtor submitted sufficient credible evidence to challenge the validity of NAA's Proof of Claim in the form of the affidavits of Mary Ruvalcaba, Brigitte Coleman and Pat Workman and the supporting documentation attached to those affidavits. NAA's challenges to the sufficiency of these affidavits are without merit. Further, the documentation supporting the affidavits includes sign-in sheets, daily staffing sheets and the contract between the parties, all of which contradict NAA's claim for late fees and services. (D.I. 10 at B206, B210, Ex. A, B300, Exh. C, B383). Accordingly, the Court concludes that the Bankruptcy Court correctly concluded that NAA failed to prove the validity of its Proof of Claim by a preponderance of the evidence.

NAA also contends that the Debtors are judicially estopped from paying NAA less than the full amount of its Proof of Claim. The doctrine of judicial estoppel precludes a party from asserting one position in a judicial proceeding and then taking an inconsistent position in a later proceeding. U.S. v. Pelullo, 399 F.3d 197, 222-223 (3d Cir. 2005). NAA's argument apparently rests on its contention that the Debtor identified NAA as a "critical vendor" who would be paid in full for its services. However, NAA was not included in the list of critical vendors

5

contained in the Debtor's critical vendor motion and the letter sent to NAA regarding the critical vendor motion did not obligate the Debtor to pay NAA for any prepetition services and only notified creditors that the Debtor was in the process of resolving claims. (D.I. 10 at B453). Accordingly, the Court concludes that NAA has not established that the doctrine of judicial estoppel applies to preclude the Debtor from paying less than the full amount of NAA's Proof of Claim.

As for NAA's contention that it was defrauded by the Debtor, the Court likewise concludes that the Bankruptcy Court correctly concluded that this argument was irrelevant to the lack of adequate evidence to support NAA's Proof of Claim. In this regard, NAA also suggests that it should have been permitted to proceed with its claim outside the bankruptcy proceedings; however, NAA triggered the claims allowance and disallowance process and submitted itself to the equitable jurisdiction of the Bankruptcy Court by filing its Proof of Claim. Langenkamp v. Culp, 498 U.S. 42, 44 (1990); see also Travellers Int'l v. Robinson, 982 F.2d 96, 98 (3d Cir. 1992).

In light of the Debtor's evidence challenging NAA's Proof of Claim and the lack of evidence supporting NAA's Proof of Claim, the Court concludes that the Bankruptcy Court's factual findings and legal conclusions were correct and that the Bankruptcy Court did not err in granting the Debtor's Objection to NAA's Proof of

Claim. Accordingly, the February 27, 2004 Order of the Bankruptcy Court will be affirmed.

**IV.  CONCLUSION**

For the reasons discussed, the Court will affirm the Order of the Bankruptcy Court dated February 27, 2004.

An appropriate Order will be entered.