**APS-41**                                                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3672
_____

IN RE: MARINER POST ACUTE NETWORK, INC.,
Debtor


RAJ SINGH d/b/a Nursing
Association of America,

Appellant
v.

MARINER POST ACUTE NETWORK, INC.
_____

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civ. No. 04-cv-00208)
District Judge: Honorable Joseph J. Farnan, Jr.
_____


Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
November 3, 2005

Before: SLOVITER, MCKEE AND FISHER, <u>CIRCUIT JUDGES</u>

(Filed: November 18, 2005 )


_____

OPINION
_____

PER CURIAM

Raj Singh, doing business as Nursing Association of America (NAA), appeals the District Court's order affirming the Bankruptcy Court's order which granted the Debtor's objection to his claim. The procedural history of this case and the details of NAA's claim are well-known to the parties, set forth in the District Court's and Bankruptcy Court's thorough opinions and orders, and need not be discussed at length. Briefly, Debtor objected to NAA's claim for over $2 million for services rendered by NAA's employees at Debtor's nursing homes. The Bankruptcy Court found that NAA failed to prove its claim, granted Debtor's objection, and reclassified and reduced the claim to $50,387.50. NAA appealed and the District Court affirmed. NAA filed a timely notice of appeal, and we have jurisdiction under 28 U.S.C. §§ 158(d) and 1291.

Our review of the District Court's and the Bankruptcy Court's legal conclusions is plenary, and we review the Bankruptcy Court's factual findings under the clearly erroneous standard. In re Indian Palms Associates, Ltd., 61 F.3d 197, 203 (3d Cir. 1995). We agree with the Bankruptcy Court and the District Court that NAA has not sustained its burden of proof for its claim. NAA argued in the District Court that the Debtor does not have evidence against its claim. However, if an objector sufficiently negates the facts in the proof of the claim, the burden is on the claimant to prove the claim by a preponderance of the evidence. The burden of persuasion always rests with the claimant. In re Allegheny Intern., Inc., 954 F.2d 167, 174 (3d Cir. 1992). The Debtor presented

sufficient proof to negate the claim, and NAA failed to sustain its burden of proof. NAA's arguments concerning fraud and estoppel are without merit.

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order. See Third Circuit I.O.P. 10.6.